DECISION AND JOURNAL ENTRY
Appellant, Michael D. Young, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
On June 8, 1998, Officers Sander and Shields of the Akron Police Department responded to the report of an altercation at the Status Nightclub located at 1027 East Waterloo Road in Akron. The Officers arrived on the scene at approximately 2:45 a.m. The security personnel of the Status Nightclub reported to the Officers that two men had been threatening each other in the parking lot, one man brandishing a baseball bat and the other threatening to use a gun. The man with the gun, however, never drew the weapon but only stated that he intended to and acted as though he was going to draw the weapon.
The Officers investigated and determined that Mr. Young was the person whom the security personnel had indicated had been threatening to draw a gun. They approached Mr. Young and his companion, Mr. Kancler, who were in their van, which was parked adjacent to the Status Nightclub. As Officer Shields approached, he observed Mr. Young reaching into the waistband of his pants, under cover of his untucked shirt. Officer Shields suspected that Mr. Young was concealing a gun in the waistband of his pants due to Mr. Young's movements. By the time Officer Shields had reached the van, Mr. Young had entered the vehicle and could be seen reaching about in the inside of the van. Mr. Young was then patted down by the Officers, who discovered marijuana on his person. More marijuana and a gun were discovered in the van. Mr. Kancler, the owner of the van, and Mr. Young were both arrested. On June 15, 1998, Mr. Young was indicted by the Summit County Grand Jury on three counts: (1) carrying a concealed weapon, in violation of R.C. 2923.12; (2) possession of marijuana, in violation of R.C. 2925.11(A); and (3) illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). A jury trial was held commencing on September 22, 1998. At trial, the state moved to dismiss the charges of possession of marijuana and illegal use or possession of drug paraphernalia, and the trial court granted the state's motion. In a verdict journalized on September 24, 1998, the jury found Mr. Young guilty of carrying a concealed weapon and found that the weapon was a loaded firearm. Mr. Young was sentenced accordingly. This appeal followed.
Mr. Young asserts two assignments of error. We will address each in turn, discussing the subparts of the second assignment of error separately to facilitate review.
First Assignment of Error
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.
A. Trial Counsel's Failure To Move To Suppress Evidence Constituted Ineffective Assistance Of Counsel.
B. Trial Counsel's Failure To Raise Exculpatory Evidence Or Present A Defense Constituted Ineffective Assistance Of Counsel.
Mr. Young argues that his trial counsel was ineffective because he failed to move to suppress the gun, which the Officers found in the van, as evidence. Furthermore, Mr. Young argues that his attorney was ineffective because he failed to present a defense or exculpatory evidence. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98,100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153,155-56.
Mr. Young first asserts that his defense counsel at trial was ineffective because he failed to move to suppress evidence discovered in a search of Mr. Kancler's vehicle.
One has the identical protection from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, as they are coextensive. State v. Robinette (1997), 80 Ohio St.3d 234,238. The Fourth Amendment to the United States Constitution protects one from unreasonable searches when one has a legitimate expectation of privacy in the premises searched; moreover, one'sFourth Amendment rights are personal and may not be asserted vicariously. Rakas v. Illinois (1978), 439 U.S. 128, 139, 143,58 L.Ed.2d 387, 398, 401. When one asserts "neither a property nor a possessory interest in the automobile, nor an interest in the property seized," one has "made no showing that [one] had any legitimate expectation of privacy in the * * * area under the seat of the car[.]" Id. at 148, 58 L.Ed.2d at 404. If one cannot show a legitimate expectation of privacy, one has no standing to challenge the search, and hence, to move to suppress its fruits.Id. at 149, 58 L.Ed.2d at 404-5. However, suppression may be appropriate if the evidence complained of was the fruit of an illegal arrest. State v. Otte (1996), 74 Ohio St.3d 555, 559.
In the instant case, Mr. Young did not assert that he owned the vehicle or the weapon that was found inside, which was consistent with his claim of innocence. Mr. Kancler testified that he owned the vehicle. Hence, we conclude that Mr. Young had no standing to object to the admission of the evidence found in the search of the van unless the search resulted from an arrest that lacked probable cause. However, we deduce that the evidence was discovered incident to the arrest of Mr. Kancler or due to Mr. Kancler's consent to the search. In any event, the evidence would have been inevitably discovered due to Mr. Kancler's arrest. SeeNix v. Williams (1984), 467 U.S. 431, 447, 81 L.Ed.2d 377,389-90. Hence, we cannot conclude that his attorney was not functioning as the counsel envisaged by the Sixth Amendment to the United States Constitution when he failed to move to suppress the evidence found in the van at a pretrial suppression hearing.
Second, Mr. Young asserts that his trial counsel was ineffective because he failed to present Mr. Kancler's statement that he, rather than Mr. Young, owned the weapon. Moreover, Mr. Young avers that his trial counsel was ineffective because he failed to present any defense witnesses.
As a preliminary matter, Mr. Kancler could have asserted hisFifth Amendment privilege against self-incrimination had he been called. Hence, we cannot conclude that Mr. Young's attorney was not performing as the counsel envisaged in the Sixth Amendment to the United States Constitution when he failed to call him as a witness. Moreover, this court has previously held that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Miller
(1988), 43 Ohio App.3d 44, 45. Furthermore, had Mr. Young's trial counsel inquired into Mr. Kancler's statement to Officer Sandor that everything in the van was his, Mr. Kancler may have testified that he was not referring to the gun as he was unaware of its presence. We are not in a position to second-guess defense counsel's tactical decisions or what knowledge Mr. Young may have provided to him concerning the incident at issue here. See Statev. Cornwell (1999), 86 Ohio St.3d 560, 569. Hence, we conclude that Mr. Young's trial counsel could have, as trial strategy, sought to bring forth no evidence as to who owned the gun, believing that the state's case was too weak and that Mr. Kancler's potential rebuttal testimony would make such evidence more harmful than helpful.
Finally, other than Mr. Kancler's statement, Mr. Young does not assert what evidence or witnesses his trial counsel failed to present or "whether such witnesses were available or what pertinent facts might have been garnered by such action." In reWise (1994), 96 Ohio App.3d 619, 628. Hence, we cannot conclude that Mr. Young's trial counsel acted so poorly that he was no longer the counsel envisaged by the Sixth Amendment to the United States Constitution. Mr. Young's first assignment of error is overruled.
Second Assignment of Error
 First Subpart
APPELLANT'S CONVICTION FOR CARRYING A CONCEALED WEAPON IS BASED ON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THEREFORE IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.
 A. There Is Insufficient Evidence To Support Appellant's Conviction.
Mr. Young asserts that there was insufficient evidence to support his conviction. He avers that the state did not show that he carried or possessed the firearm that was found in the van, which is one of the essential elements of the crime charged. We disagree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
To support a conviction of carrying a concealed weapon pursuant to R.C. 2923.12 the state must prove, beyond a reasonable doubt, that one has knowingly carried or had, "concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of the circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
In the instant case, there was sufficient evidence to sustain Mr. Young's conviction. Mr. Young asserts that the evidence presented in this case is substantially similar to that which was found to be insufficient by our brethren of the Eight Appellant District in State v. Duganitz (1991), 76 Ohio App.3d 363. However, we conclude that the cases are dissimilar as here, unlikeDuganitz, the Officers were proceeding based on information that Mr. Young personally was armed. Moreover, in the instant case, viewing the evidence in a light most favorable to the prosecution, the Officers witnessed Mr. Young reaching inside the van, making furtive movements, apparently attempting to conceal something. Hence, we conclude, construing the evidence in a light most favorable to the prosecution, that there was sufficient evidence to sustain Mr. Young's conviction as one could infer that Mr. Young had the weapon concealed on his person and then concealed it close at hand in the van. Moreover, the remaining elements of the crime are present as the weapon was shown to be operable and in a place of easy access. The first subpart of Mr. Young's second assignment of error is overruled.
 Second Subpart B. Appellant's Guilty Verdict Is Against The Manifest Weight Of The Evidence.
Mr. Young avers that his conviction was against the manifest weight of the evidence. He asserts that the evidence brought forth at trial did not provide a sufficient basis for a reasonable juror to find him guilty, and hence, that the jury lost its way and carried out a miscarriage of justice. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Mr. Young's conviction was not against the manifest weight of the evidence. As noted above, there was legally sufficient evidence on each element of the crime. Moreover, after thoroughly reviewing the record we conclude that the jury did not carry out a manifest miscarriage of justice by convicting Mr. Young. The evidence showed that Mr. Young was apparently engaged in an altercation in which he stated that he was carrying a gun, and when the police arrived, they viewed him making furtive movements in the van, apparently reaching for something. After searching the vehicle, the Officers found a gun concealed beneath one of the seats of the van. We cannot conclude that a conviction based on such evidence is against the manifest weight of the evidence or that the jury lost its way and carried out a miscarriage of justice. The second subpart of Mr. Young's second assignment of error is overruled.
Mr. Young's assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.