DECISION AND JOURNAL ENTRY
Appellant, Richard Santurri, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
Christopher Higgins advertised a dump truck for sale at the beginning of May 1995. On May 23, 1995, Mr. Higgins purchased a lot next to the one his father, Patrick Higgins, owned. He intended to build a home on the lot and that his father would build a home next door. On July 11, 1995, Mr. Higgins signed a contract with a builder to construct a home for Mr. Higgins on the lot. Mr. Higgins received the deed for the lot on July 28, 1995. After contacting Mr. Higgins about purchasing the dump truck, Mr. Santurri flew to Cleveland to discuss purchasing the dump truck on July 31, 1995. Mr. Higgins picked Mr. Santurri up at the airport and took him to view the dump truck and discuss the possibility of Mr. Santurri purchasing the dump truck. On their way to view the dump truck, Mr. Higgins stopped at the lot that he had purchased to conduct some preliminary matters regarding the construction of his home. Mr. Higgins then took Mr. Santurri to the location where the dump truck was stored, and they discussed the purchase of the dump truck. Mr. Higgins wrote up terms for the sale of the dump truck to Mr. Santurri, which both parties signed. However, Mr. Santurri never paid the deposit required under the agreement. Mr. Santurri then left, returning to his home in Rhode Island with the original of the agreement.
By late August 1995, Mr. Higgins had sold the dump truck to another party and construction had begun on his home. Mr. Santurri telephoned Mr. Higgins after Mr. Higgins had sold the dump truck. When Mr. Higgins told Mr. Santurri that the dump truck had been sold, he became angry, asserting that he needed the dump truck and would lose money if he did not receive it. Mr. Higgins informed Mr. Santurri that the dump truck had been sold and that he could not do anything about getting it back. On September 11, 1995, National City Bank approved Mr. Higgins's mortgage for construction of his new home. Mr. Higgins was informed of a problem with the mortgage on September 15, 1995. A sales agreement, dated July 31, 1995, had been filed on September 8, 1995, purporting to be an agreement between Mr. Higgins and Mr. Santurri by which Mr. Higgins would sell the lot to Mr. Santurri for $18,000. Mr. Higgins instituted an action to quiet title and contacted local law enforcement officials at the Avon Police Department complaining of forgery in regard to the July 31, 1995 sales agreement. In an entry journalized on January 31, 1996, the Lorain County Court of Common Pleas entered default judgment against Mr. Santurri in Mr. Higgins's action to quiet title.
On March 6, 1996, the Lorain County Grand Jury indicted Mr. Santurri for forgery, in violation of R.C. 2913.31(A)(2). A jury trial was held on November 9 and 10, 1998. In a verdict journalized on November 10, 1998, the jury found Mr. Santurri guilty of forgery. He was sentenced accordingly. This appeal followed.
Mr. Santurri asserts two assignments of error. As they implicate similar issues, we will address them together.
First Assignment of Error
 THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL RESULTING IN PREJUDICE TO THE DEFENDANT-APPELLANT IN VIOLATION OF THE VI AMENDMENT TO THE UNITED STATES CONSTITUTION[.]
Second Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ADMITTED TESTIMONY BY THREE STATE'S WITNESSES REGARDING ALLEGED TELEPHONE CONVERSATIONS BETWEEN THE STATE'S WITNESSES AND THE DEFENDANT-APPELLANT WITHOUT PROPER AUTHENTICATION AS REQUIRED BY EVIDENCE R. 901 (B)6 AND/OR CASE LAW [sic][.]
Mr. Santurri avers that his defense counsel was deficient to the point of being ineffective because: (1) he did not object to testimony regarding three telephone conversations allegedly with Mr. Santurri; (2) he failed to object to the State's expert testimony on handwriting and failed to call an expert witness on handwriting; (3) he failed to properly investigate the case in that he failed to find one witness and failed to investigate the testimony of three of the State's witnesses; (4) he failed to call an expert on fingerprints; (5) he failed to produce evidence on a defense which he referred to in his opening statement; and (6) he failed to call any witnesses in Mr. Santurri's defense. Furthermore, he asserts that the trial court erred in allowing testimony regarding the alleged telephone conversations with Mr. Santurri without requiring that the conversations be authenticated. We disagree.
A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution. See McMann v. Richardson (1970), 397 U.S. 759, 771,25 L.Ed.2d 763, 773, fn. 14. A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98,100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160,174.
First, Mr. Santurri avers that his trial counsel erred by failing to object to or to file a motion in limine to prohibit the State's use of testimony concerning telephone conversations with Mr. Santurri. Further, Mr. Santurri argues that the telephone conversations were never properly authenticated and, therefore, were inadmissible pursuant to Evid.R. 901(B)(6) and that the trial court erred by failing to exclude the evidence despite the lack of an objection. Evid.R. 901 provides in pertinent part:
 (A) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
 (B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 * * * (6) Telephone conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (a) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (b) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.
 (Emphasis added.) As there is no fixed identification requirement for all telephone calls, testimony concerning a telephone call is admissible "through testimony or other evidence, that the witness placed or received a call as alleged, plus some indication of the identity of the person spoken to." State v. Vrona (1988), 47 Ohio App.3d 145, 149. Furthermore, only a "prima facie" showing of authenticity is required for the evidence to properly go before the jury. State ex rel. Montgomery v. Villa (1995), 101 Ohio App.3d 478, 484-85.
In the telephone call, which Patrick Higgins (Mr. Higgins's father) received, the caller identified himself as Mr. Santurri and knew the details of the discussions Mr. Santurri had had with Mr. Higgins concerning the purchase of the dump truck. Hence, we conclude that the telephone conversation with Patrick Higgins was accompanied by a prima facie showing of authenticity. The telephone call to the Lorain County Recorder, concerning the property which Mr. Santurri was accused of forging the purchase agreement for, did not depend for its probative value on the veracity of an out of court declarant, but rather, showed that someone made a rather extensive inquiry concerning the property at issue with the Lorain County Recorder. Hence, we conclude that the questions which the Lorain County Recorder testified to being asked over the phone were not hearsay as the truth of the statements of the party inquiring about the parcel of land was not relevant while the fact that the statements were made was relevant. Finally, Mr. Richard Gronsky of the Lorain County Prosecutor's Office received a phone call from someone identifying himself as Mr. Santurri and who had knowledge of the details of Mr. Santurri's dealings with Mr. Higgins regarding the dump truck. Hence, we conclude that this telephone conversation also was predicated on a prima facie showing of authenticity and was, therefore, admissible. Accordingly, we conclude that as the evidence was admissible, Mr. Santurri's counsel was not deficient in failing to object to it, nor was the trial court remiss in allowing the testimony to go to the jury.[1]
Mr. Santurri next asserts that his counsel was deficient because he failed to object to the State's expert testimony on handwriting. We conclude that this was trial strategy as Mr. Santurri's counsel discredited the State's expert on cross-examination. Mr. Santurri admits that "the sum of the State's expert on handwriting was that nothing could be concluded or excluded[.]" We conclude that discrediting the State's witness on the stand rather than choosing to object previously was a defense tactic aimed at showing the weakness of the State's case to the jury. Furthermore, even if trial counsel erred in failing to object, no prejudice accrued to Mr. Santurri as the testimony was discredited.
Finally, Mr. Santurri avers that his trial counsel was deficient because he failed to call a number of witnesses and fully investigate and present a defense. Specifically, he argues that his counsel failed to call an expert witness on handwriting; failed to properly investigate the case in that he failed to find one witness and failed to investigate the testimony of three of the State's witnesses; failed to call an expert on fingerprints; failed to produce evidence on a defense which he referred to in his opening statement; and failed to call any witnesses in Mr. Santurri's defense. This court has previously held that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Miller
(1988), 43 Ohio App.3d 44, 45. Moreover, we are not in a position to second-guess defense counsel's tactical decisions or what knowledge Mr. Santurri may have provided to him concerning the incident at issue here. See, generally, State v. Cornwell (1999),86 Ohio St.3d 560, 569. Mr. Santurri's defense counsel had the opportunity on cross-examination to question the State's witnesses regarding handwriting and fingerprints as well as the State's fact witnesses. Mr. Santurri's counsel, in fact, did so quite effectively on the issue of handwriting identification. Furthermore, Mr. Santurri did not present any evidence as to "whether such witnesses were available or what pertinent facts might have been garnered by such action." In re Wise (1994),96 Ohio App.3d 619, 628. Moreover, Mr. Santurri concedes that his trial counsel consulted a handwriting expert but asserts that his counsel erred in failing to call the expert. However, Mr. Santurri did not present evidence as to what the expert's testimony would have been. Therefore, we cannot conclude that defense counsel, rather than implementing a legitimate defense strategy, acted deficiently.
We cannot conclude that Mr. Santurri's trial counsel acted so poorly that he was no longer the counsel envisaged by theSixth Amendment to the United States Constitution. Accordingly, Mr. Santurri's assignments of error are overruled.
Mr. Santurri's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT BAIRD, J., CONCURS.
[1] Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v. Lane (1995),108 Ohio App.3d 477, 482. Here, although Mr. Santurri apparently asserts plain error, none is present as we conclude that the evidence was admissible.