DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Harvey L. Townsend, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court and remands to the trial court for re-sentencing.
The following facts are relevant to this appeal. On June 26, 2000, appellant was indicted on four counts of trafficking in crack cocaine in violation of R.C. 2925.03(A) and (C)(4)(f); one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(f)(e); and one count of felonious assault on a police officer in violation of R.C.2903.11(A)(2).
Appellant entered pleas of not guilty on June 26, 2000. On August 28, 2000, a hearing on appellant's motion to suppress was held, following which the trial court denied the motion and appellant's trial commenced. Trial continued on August 29 and 30, 2000. Counsel for appellant made a motion for acquittal pursuant to Crim.R. 29 at the close of the state's case. The trial court overruled the motion.
On August 31, 2000, the jury found appellant guilty of three counts of trafficking in crack cocaine in violation of R.C. 2925.03(A) and (C)(4)(f), felonies of the first degree; one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(f)(e), a felony of the first degree; and one count of felonious assault on a police officer in violation of R.C. 2903.11(A)(2), a felony of the first degree. Appellant was found not guilty of one count of trafficking in crack cocaine in violation of R.C. 2925.03(A) and (C)(4)(f).
On September 18, 2000, the trial court denied appellant's motion for acquittal. On September 27, 2000, the trial court denied appellant's motion for a new trial. Appellant was sentenced on September 27, 2000, to a term of four years on each of the drug counts, to be served concurrent to each other, and to a term of four years on the count of felonious assault on a police officer, to be served consecutively to the four years on the drug counts. Appellant filed a timely notice of appeal.
Appellant sets forth the following nine assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE JURY VERDICT FOR COUNT TWO WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
"ASSIGNMENT OF ERROR NO. 2
 "THE JURY VERDICTS FOR COUNT THREE AND COUNT FOUR WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
"ASSIGNMENT OF ERROR NO. 3
 "THE JURY VERDICT FOR COUNT FIVE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
"ASSIGNMENT OF ERROR NO. 4
 "THE TRIAL COURT ERRED IN NOT CHARGING THE JURY ON THE LESSER INCLUDED OFFENSE OF MISDEMEANOR ASSAULT ON COUNT SIX
"ASSIGNMENT OF ERROR NO. 5
 "THE TRIAL COURT ERRED IN REFUSING TO PERMIT DEFENSE INQUIRY INTO A CONSENT JUDGMENT ENTERED INTO BETWEEN THE KEY WITNESS AND THE PROSECUTOR'S OFFICE
"ASSIGNMENT OF ERROR NO. 6
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL PURSUANT TO CRIM.R.33(A)(2) AND (6)
"ASSIGNMENT OF ERROR NO. 7
 "THE TRIAL COURT COMMITTED PLAIN ERROR BY PERMITTING THE PHOTOCOPY OF MONEY ALLEGEDLY USED IN A PURPORTED TRANSACTION AND CONTAINING VERBIAGE PREJUDICIAL TO THE DEFENDANT TO BE MADE AN EXHIBIT
"ASSIGNMENT OF ERROR NO. 8
 "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I — § 10 OF THE OHIO CONSTITUTION
"a. Failure to Move for Separate Trial
"b. Failure to Develop Defense for Count Six
"c. Failure to Comply With Criminal Rule 16
"d. Failure to Make Procedural Objections
"e. Failure to Move for a Mistrial
"ASSIGNMENT OF ERROR NO. 9
 "THE APPELLANT'S SENTENCES FOR THE INDIVIDUAL COUNTS AND CONSECUTIVE SENTENCES ARE ILLEGAL AND CONTRARY TO BOTH HIS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND OHIO STATUTORY LAW"
In his first three assignments of error, appellant argues that the jury verdicts on the drug counts were against the manifest weight of the evidence. This court finds no merit in these assignments of error.
In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Id.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis added by Court.) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
In regard to appellant's argument that the vague and general terms used during appellant's telephone conversations with the confidential informant ("CI") did not establish the essential elements, this court notes the following from State v. Henton (1997), 121 Ohio App.3d 501,510:
 "R.C. 2925.03(A)(1) states that `No person shall knowingly * * * sell or offer to sell a controlled substance * * *.' Recognizing that drug dealers do not conduct business in precise legal terms the Second District Court of Appeals has defined the term `offer to sell' as it pertains to drug transactions as follows:
 "`[W]e conclude that, for purposes of R.C. 2925.03(A), the phrase, "offer to sell a controlled substance," simply means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection. Furthermore, the issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by examining the totality of the circumstances, including "the dialogue and course of conduct of the accused."' (Citations omitted.)"
See, also, State v. Bazzy (1993), 86 Ohio App.3d 546, 548-49.
 ("[P]articipants in a drug transaction are not likely to use either precise legal terms to define the transaction, or precise scientific terms to describe the merchandise[.] (Citations omitted.)"
In regard to appellant's assertions regarding the CI and his motive "to do anything to get out" of his own legal problems, it is well established that the credibility of witnesses is primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Harriston (1989), 63 Ohio App.3d 58, 63. In his testimony, the CI identified appellant as the seller of the crack cocaine and as one of the voices on the tape-recorded telephone calls. The jury observed the CI's demeanor and appearance and was in a better position to determine his credibility. Whether the CI's testimony was self serving is only one of many issues considered by the jury in determining his credibility. Apparently, the jury found the CI's testimony to be both credible and reliable. The jury was clearly within its discretion to disbelieve the testimony of any witness. A reviewing court will not reverse a jury verdict where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense had been proven. State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
Upon consideration of the above law and after thoroughly reviewing the entire record, we conclude that any rational trier of fact could have found that the essential elements of trafficking in crack cocaine and possession of crack cocaine were proven beyond a reasonable doubt. Accordingly, appellant's first three assignments of error are found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred in refusing to charge the jury on the lesser included offense of misdemeanor assault. This court finds no merit in this assignment of error.
A determination of whether an instruction on a lesser included offense is warranted involves a two-step process. First, the trial court "must determine what constitutes a lesser included offense of the charged crime; second, it must examine the facts and ascertain whether the jury could reasonably conclude that the evidence supports a conviction for a lesser offense and not the greater." State v. Kidder (1987),32 Ohio St.3d 279, 280. In State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus, the Supreme Court of Ohio noted that a charge on a lesser included offense is required "only where the evidencepresented at trial would reasonably support both an acquittal on the crimecharged and a conviction upon the lesser included offense. (Emphasis added.)"
This court is not persuaded that the evidence would have reasonably supported both an acquittal on the charge of felonious assault and a conviction of reckless or negligent assault. The record contains more than adequate evidence to support a finding that appellant acted knowingly when he drove his vehicle directly at the uniformed police officer. This evidence included the testimony of the uniformed police officer regarding his movements to avoid being struck by appellant's vehicle; the testimony of other police officers at the scene, including testimony regarding the vehicle's speed and direction; and the physical evidence including diagrams of the scene and photographs of tire marks showing the direct line taken by appellant's vehicle. Appellant has failed to demonstrate that based on the evidence above, the jury could have found him not guilty of felonious assault, but guilty of reckless or negligent assault. Therefore, we find that the trial court did not err when it chose not to instruct the jury on the lesser offense of misdemeanor assault.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant argues that the trial court erred in refusing to permit defense inquiry into a consent judgment entered into between the CI and the prosecutor's office. This court finds no merit in this assignment of error.
Defense counsel attempted to question the CI about a consent judgment in a forfeiture proceeding against him. The trial court sustained the state's objection on the basis that there was no evidence that the consent judgment was part of the CI's plea agreement. Defense counsel attempted to raise the same issue during cross-examination of a United States Drug Enforcement Administration ("DEA") agent. In an in-chambers conference, the DEA agent denied that the forfeiture proceeding was part of the CI's plea agreement. Based upon this testimony of the DEA agent, the trial court excluded the matter from cross-examination of the DEA agent. Appellant argues that this denial foreclosed an opportunity to establish the totality of the circumstances surrounding the inducement of the CI to enter into his agreement.
While cross-examination itself is a matter of right, the extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. State v. Green (1993),66 Ohio St.3d 141, 148. The DEA agent testified that the forfeiture proceeding was not part of the CI's plea agreement. Additionally, the CI testified and was cross-examined as to the plea agreement.
The trial court foreclosed further cross-examination directed towards challenging the DEA agent's denial that the forfeiture proceeding was part of the CI's plea agreement. Even if the foreclosure of questioning was an abuse of discretion, lack of an opportunity to fully cross-examine is harmless error when there is evidence supporting a conviction. Id. at 147. As this court found in appellant's first three assignments of error, appellant's convictions were not against the manifest weight of the evidence.
Accordingly, appellant's fifth assignment of error is found not well-taken.
In his sixth assignment of error, appellant argues that the trial court erred in denying appellant's motion for a new trial. This court finds no merit in this assignment of error.
The basis for appellant's motion for a new trial was a discovery violation. Appellant argues that nineteen days after appellant's trial the CI was himself charged with various drug offenses and that the facts leading up to these charges were not provided in discovery.
The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is well established. The Ohio Supreme Court held, in State v. Petro (1947), 148 Ohio St. 505, that, in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. In Petro, the Ohio Supreme Court further noted that:
 "The granting of a motion for a new trial upon * * * [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. * * *" Id. at 507.
Absent an abuse of discretion, this court will not ordinarily reverse a trial court's decision to deny a Crim.R. 33 motion for a new trial.State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus.
In order to satisfy the first prong of the Petro test, there must be a strong probability that the new evidence will change the result if a new trial is granted. A review of the record indicates that the newly discovered evidence argued by appellant is merely cumulative of former evidence. Cumulative evidence is additional, repetitive testimony as to what was admitted at trial. In the case sub judice, appellant sought to introduce evidence regarding the CI being charged with various drug offenses. However, the evidence appellant sought to introduce was merely cumulative to that previously introduced and as such, there would be a strong probability that it would not change the result if a new trial were granted. Therefore, numbers one and five of the syllabus of Petro
have not been complied with.
This court finds that the trial court did not abuse its discretion in denying the motion for new trial because we believe that even if the new evidence that the CI had been charged with a new drug offense had been heard by the jury, it is highly unlikely that different verdicts would have resulted.
Accordingly, appellant's sixth assignment of error is found not well-taken.
In his seventh assignment of error, appellant argues plain error in regard to the admission of an exhibit. The exhibit was a photocopy of money provided to the CI to purchase crack cocaine. The photocopy contained the following verbiage "funds used to purchase 1 oz. of crack cocaine from Harvey Townsend on 11/19/99." Appellant asserts that because no agent witnessed the transfer of money to Townsend and none of this money was ever discovered on Townsend, the above quoted verbiage gave the exhibit "an apparent official and conclusory imprimatur" that was prejudicial to appellant. Appellant argues that because his trial counsel failed to object to the admission of this exhibit at trial, this court should apply the plain error doctrine. This court finds no merit in this assignment of error.
As noted by the Ohio Supreme Court in State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus:
 "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
Furthermore, an alleged error "does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise." Id., paragraph two of the syllabus. We have thoroughly reviewed the record in this case and conclude that there was sufficient evidence, independent of the marked money, to establish that appellant violated R.C. 2925.03(A) and (C)(4)(f), trafficking in crack cocaine, on November 19, 1999.
Accordingly, appellant's seventh assignment of error is found not well-taken.
In his eighth assignment of error, appellant argues that he was denied the effective assistance of trial counsel. Appellant contends that counsel was ineffective in the following ways: (1) in failing to move for separate trials on each of the drug counts; (2) in failing to cross-examine the DEA agent in regard to the felonious assault charge; (3) in failing to comply with Crim.R. 16 by furnishing the state with a witness list; (4) in failing to object to the state's leading questions of the CI; and (5) in failing to move for a mistrial. This court finds no merit in this assignment of error.
The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington
(1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 694.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. See, also, State v. Carter (1995),72 Ohio St.3d 545, 558 ("To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy."). A trial counsel's choice of tactics must be given deference. State v. Nobles (1995), 106 Ohio App.3d 246, 276, discretionary appeal not allowed (1996), 74 Ohio St.3d 1510. Appellant bears the burden of proving that his trial counsel was ineffective.State v. Martens (1993), 90 Ohio App.3d 338, 351.
It is well established that the United States Constitution does not guarantee a perfect trial or even the best available defense. "TheSixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law." Id.
Effective assistance of counsel does not guarantee results. State v.Longo (1982), 4 Ohio App.3d 136, 139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988),57 Ohio App.3d 4, 10.
Appellant's first contention is that trial counsel was ineffective in failing to move for separate trials on each of the drug counts. Appellant argues that because each count dealt in part with a telephone conversation between the CI and appellant, each telephone conversation had a cumulative effect on the other telephone conversations and, but for the joinder of the counts, each separate count was clearly insufficient to establish guilt on its own. This court finds no merit in this contention.
Pursuant to Crim.R. 8(A), joinder of multiple offenses is permitted when the charged offenses are "based on the same act or transaction, * * * or are part of a course of criminal conduct." Crim.R. 14, which governs relief from joinder of offenses, provides that the court shall grant a motion to sever if the accused establishes that prejudice to his rights will result from the joinder. State v. Lott (1990), 51 Ohio St.3d 160,163. However, joinder is not prejudicial when the jury is believed capable of separating the proof as to each charge because the evidence of each of the crimes is simple and direct, or the evidence of one offense is admissible in the trial of the other as "other acts" evidence under Evid.R. 404(B).[1] Id.; State v. Franklin (1991), 62 Ohio St.3d 118,122; State v. Hamblin (1988), 37 Ohio St.3d 153, 158-159. To prevail on a motion to sever, appellant would have had to demonstrate that he was prejudiced by the charges being tried together. State v. Mills (1992),62 Ohio St.3d 357, 362.
Even if the evidence for each count would not have been admissible in the trial of the other counts under Evid.R. 404(B), this court believes the evidence as to each count was direct and uncomplicated and capable of being segregated. The evidence concerning each count was, in fact, sufficient to sustain each verdict. As further evidence that the jury was able to discern the evidence on each charge and was able to analyze it in an objective way and was not influenced by the cumulative evidence against the appellant is the fact that they found appellant not guilty on one of the four counts of drug trafficking presented to them. Therefore, we find that trial counsel was not ineffective in failing to move for separate trials on each of the drug counts.
Appellant's second contention is that trial counsel was ineffective in failing to develop inconsistencies in the DEA agent's reports and his trial testimony in regard to the felonious assault charge during cross-examination. This court finds no merit in this contention.
Generally, whether to cross-examine witnesses and the extent of that cross-examination is a tactical matter committed by the discretion of trial counsel that cannot form the basis for an ineffective assistance of counsel claim. State v. Flors (1987), 38 Ohio App.3d 133, 139 (extent to which trial counsel cross-examines the state's witnesses is largely a matter of trial strategy and does not demonstrate ineffective assistance of counsel). Therefore, we find that trial counsel was not ineffective as contended by appellant in regard to the felonious assault charge.
Appellant's third contention is that trial counsel was ineffective in failing to comply with Crim.R. 16 by furnishing the state with a witness list, thus precluding presentation of any witnesses on appellant's behalf. This court finds no merit in this contention.
Counsel's decisions on which witnesses to call fall within the province of trial strategy and will not usually constitute ineffective assistance of counsel. State v. Miller (1988), 43 Ohio App.3d 44, 45. In accord,State v. Hunt (1984), 20 Ohio App.3d 310, 312; State v. Coulter (1992),75 Ohio App.3d 219, 230. The decision of trial counsel not to pursue every possible trial tactic for reasons of strategy does not result in ineffective assistance of counsel. State v. Brown (1988),38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040.
Appellant's fourth contention is that trial counsel was ineffective in failing to object to the state's leading questions of the CI. This court finds no merit in this contention.
The decision not to object is one of trial strategy. State v. Phillips
(1995), 74 Ohio St.3d 72, 85 ("Debatable trial tactics generally do not constitute a deprivation of effective counsel."); see, also, Hunt,supra, 20 Ohio App.3d at 311 ("trial counsel's failure to make objections are `within the realm of trial tactics' and do not establish ineffective assistance of counsel.").
While appellant's attorney did not object in every instance where an objection would have been appropriate, the record shows that he did make several objections during the course of the trial. Moreover, the record also shows that appellant's attorney engaged in aggressive cross-examination of state witnesses, further demonstrating that he was a competent counsel. Taken in context then, the actions of appellant's attorney did not fall below the required professional standard of reasonable representation.
Appellant's fifth contention is that trial counsel was ineffective in failing to move for a mistrial when it was learned that the prosecutor had spoken with the CI during a break in trial contrary to the trial court's instructions.[2] This court finds no merit in this contention.
It is within the sound discretion of the trial court to grant or deny a motion for a mistrial. State v. Garner (1995), 74 Ohio St.3d 49, 59. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. (Citations omitted).
Had appellant's trial counsel moved for a mistrial, the trial court could have, in its discretion, denied the motion and, under the circumstances, this court would not have found this denial to be an abuse of discretion. Thus, we cannot find that appellant was prejudiced by trial counsel's failure to move for a mistrial. A tactical decision not to move for a mistrial was well within the range of competent assistance. See State v. Riffle (1996), 110 Ohio App.3d 554, 558.
This court has reviewed the performance of appellant's trial counsel in light of the errors of practice appellant asserted. This court concludes, on the state of this record, that appellant has failed to demonstrate that his trial attorney's conduct at trial was either ineffective or prejudicial.
Accordingly, appellant's eighth assignment of error is found not well-taken.
In his ninth assignment of error, appellant argues that his sentences for the individual counts and consecutive sentences are illegal and contrary to law. This court finds merit in this assignment of error.
As a first-time offender, appellant asserts that the court erred in failing to set forth its reasons pursuant to R.C. 2929.19(B) for not sentencing him to the minimum sentence. Under current felony sentencing law in Ohio, minimum sentences are generally favored for first-time offenders. Accordingly, R.C. 2929.14(B) requires a trial court to impose the minimum sentence upon an offender who has not previously served a prison term, unless the court finds one of the following on the record: (1) that the shortest prison term will demean the seriousness of the offender's conduct; or (2) that the shortest prison term will not adequately protect the public from future crime by the offender or others. However, in State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus, the Supreme Court held:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.)
After reviewing the record[3] in the case sub judice, it is apparent that the trial court did not specify either of the reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentences of three years for the offenses of drug trafficking and drug possession. The court never made an express finding that the minimum sentences would demean the seriousness of appellant's conduct or that the public would not be adequately protected from future crime. Neither the transcript of the sentencing hearing nor the text of the sentencing entry contains the mandatory finding.
The state asks this court to extrapolate from certain comments that the trial court did consider imposing the minimum sentence. It is true that the trial court did twice speak of the serious nature of the offense. However, these remarks were made with respect to the imposition of consecutive sentences, not minimum sentences. Moreover, taking them in context, there is nothing in the record to remotely suggest that the trial court, at the same time, was considering the minimum sentence deviation. The court never made an express finding to support its deviation from the minimum sentence. Specifically, the trial court never found on the record "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
Appellant also argues that the trial court failed to give a satisfactory explanation to justify consecutive sentences pursuant to R.C. 2929.14. A court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).[4]
Imposing consecutive prison terms for convictions of multiple offenses, therefore, is appropriate if the trial court makes at least three findings prior to sentencing an offender to consecutive sentences. R.C. 2929.14(E)(4) The trial court must state its reasons on the record. R.C. 2929.19(B)(2)[5]. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Gary
(2001), 141 Ohio App.3d 194, 196; State v. Albert (1997),124 Ohio App.3d 225, 230.
After reviewing the record in the case sub judice, it is apparent that the trial court did not make the findings required by R.C. 2929.14(E)(4) prior to sentencing appellant to consecutive sentences and did not state its reasons on the record as required by R.C. 2929.19(B)(2). See, Statev. Craft (Apr. 27, 2001), Fulton App. No. F-00-013, unreported.
Because the trial court did not make the required findings pursuant to R.C. 2929.14 while imposing a sentence greater than the minimum sentence and imposing consecutive sentences, we find appellant's ninth assignment of error well-taken.
On consideration whereof, the decision of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The decision of that court sentencing appellant is vacated; all other portions of the decision are affirmed. This case is remanded to the trial court for re-sentencing. Court costs of this appeal are assessed equally between the parties.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Evid.R. 404(B) allows evidence of other acts or crimes as "proof of motive, opportunity, intent, preparation, plan; knowledge, identity, or absence of mistake or accident."
[2] The following occurred at trial:
 "Prosecutor: Okay. Now I want to talk about telling the truth. Do you remember during the break just about an hour ago when the jury was out?
"CI: Yes.
 "Defense Counsel: I'm going to object to any questions about the prosecutor talking to him, having conversations.
 "The Court: Yes. Sustained. The witness was not to be talking about his testimony at all during the break.
 "Prosecutor: It was about a prior conversation, Judge, the record reflects.
 The Court: The Court made the statement to the witness not to talk about his testimony during the break."
[3] At the sentencing hearing, the trial court stated:
 "* * * And the time that I am imposing, because of the nature of the offenses and all the facts and circumstances in this particular case, I'm imposing a period of four years as to each count. The four years on those counts will be run concurrently.
 "I have chosen a sentence greater than the minimum. I am running those sentences, as I said, concurrently as part of a pattern that the evidence established.
"* * *
 "* * * As to the felonious assault on a police officer, count six, that was also a felony of the first degree. On this particular count, if I were to run it concurrently to the others, it would demean the serious nature of the offense.
 "I heard the evidence at trial. The jury found you guilty of attempting to commit serious harm on this officer through the use of the vehicle. And therefore, on this particular case (sic), I am also imposing a four-year sentence. That will be consecutive since otherwise it would demean the serious nature of the offense, and the requirement of public safety requires the consecutive sentence."
The sentencing judgment entry provides:
 "* * * The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
"* * *
 "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: That defendant's criminal history requires consecutive sentences."
[4] R.C. 2929.14(E) states in relevant part:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
[5] R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"